UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JUQURRY FREEMAN,<br><br>　　　　　　Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | 4:24-CV-04174-KES<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>DOCKET NO. 7 |

Movant Juqurry Freeman has filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He has now filed a motion seeking court-appointed counsel in this matter.

It is well settled that "[a] habeas corpus proceeding is civil in nature, and 'the Sixth Amendment right to counsel afforded for criminal proceedings does not apply.' " Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citing Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993)). Because Mr. Freeman has no constitutional right to appointment of counsel in his habeas proceeding (see Phelps v. United States, 15 F.3d 735, 737 (8th Cir. 1994)), the district court has discretion to determine whether to appoint counsel.[1] Sullivan v. Lockhart, 958 F.2d 823, 826 (8th Cir. 1992) (citing Ferguson, 905 F.2d at 213-214). Refusal by the court to appoint counsel to assist petitioner in presenting a

---

[1] A district court must appoint counsel to represent petitioner in any evidentiary hearings deemed necessary by the court. Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994).

federal habeas corpus petition does not violate petitioner's constitutional rights.  Hull v. Swenson, 431 F.2d 1194, 1195 (8th Cir. 1970)

A court may, "in the interests of justice," appoint representation to any financially eligible person who is seeking relief under 28 U.S.C. § 2254.  18 U.S.C. § 3006A(a)(2)(B).  The Eighth Circuit has set forth the following standard with regard to discretionary appointments of counsel for *pro se* habeas petitioners:

> When exercising its discretion, a district court should first determine whether a pro se habeas petitioner has presented a nonfrivolous claim.  If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel.  If the petitioner has presented a nonfrivolous claim, the district court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that "the interests of justice so require" it.  To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present [articulate] his claim, and any other relevant factors.

Abdullah, 18 F.3d at 573 (internal citations omitted).

Here, Mr. Freeman states he wishes to have counsel appointed in order to obtain copies of his sentencing transcript and to obtain a copy of his presentence investigation report (PSR).  However, Mr. Freeman's § 2255 motion asserts a singular claim:  he asserts his former lawyer rendered him constitutionally ineffective assistance of counsel because he asked her to file an appeal in his case and she did not do so.  See Docket No. 1.  No sentencing transcript or PSR is going to provide evidence on this issue.  So the documents Mr. Freeman seeks are irrelevant to his claim.  In addition, the court finds his

2

claim is simple and straight forward and that Mr. Freeman is more than capable of articulating his position, as he has already done.  Accordingly, it is hereby

ORDERED that movant Mr. Freeman's motion for appointment of counsel [Docket No. 7] is denied.  Should this court conclude in the future that an evidentiary hearing is necessary to resolve the issue raised in Mr. Freeman's § 2255 motion, the court will appoint counsel in advance of that hearing.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED October 21, 2024.

BY THE COURT:

*Veronica L. Duffy*
VERONICA L. DUFFY
United States Magistrate Judge